## Manning & Lee vs. Dunn.

One in possession of a vessel, under a contract of purchase, part of the terms of which are, that he is to go into immediate possession, and continue in possession, is to be considered the *owner*, who is to pay for supplies furnished to the vessel, rather than the person who has barely the legal title, without any right to the present possession.

Appeal by the plaintiffs from a judgment entered in favor of the defendant, upon the report of a referee. The action was brought to recover for supplies furnished to the schooner Hudson; the complaint alledging that the defendant was the owner of the vessel, and that the supplies were furnished at his request. No credit was given to the defendant, by name. The supplies were furnished on the credit of the schooner and her owners, whoever they might be; the plaintiffs not knowing that the defendant had any interest in the vessel. The title of the parties was as follows: Mr. Samuel, the partner of the defendant, furnished to Dudley Bean $2000 towards purchasing and fitting out the schooner, and to *secure* the payment of that sum the bill of sale was made to the defendant. This was the understanding between Bean and the defendant, although no papers passed, except to the defendant. Notes were given to Dunn, by Bean, and Bean was to have possession of the vessel until the notes were paid or protested. If paid, he was to have a bill of sale from Dunn. Dunn gave a revocable power of attorney to Bean's brother to charter the schooner, to collect the freight and pay charges and expenses of the schooner, and to do all things necessary in its business. This power was never shown to the plaintiffs, or known to them. The plaintiffs wrote to Dudley Bean, as owner, demanding payment of him. Bean was to have the control of the vessel, according to the verbal understanding with Dunn; and Dunn exercised no control, except to insure the vessel. A. H. Bean, who had the power of attorney, considered himself as acting for his brother, Dudley Bean.

*F. R. Sherman*, for the appellants.

*R. B. Kimball*, for the respondent.

*By the Court,* MITCHELL, J. The referee drew the conclusion, from the facts proved, that Dudley Bean was in possession of the vessel, with power to control and man her; and the evidence is sufficient to justify that conclusion. Dudley Bean wished to purchase the vessel, and have the immediate control and use of her; but had not all the money required to pay for her. He procured Dunn, the defendant, or his partner, to advance him $2000 towards the purchase, and then, merely to secure to Dunn the repayment of this $2000, the title was put in Dunn; but with the understanding that D. Bean was to have the possession of the vessel until the notes should be paid, and the title if they should be paid. And as no change in this understanding occurred, it must be that the power of attorney was given to Bean's brother in order that thus he might have evidence of a right to control the vessel, for a time. D. Bean had then an equitable title to the vessel, with the right to the present possession and control of it, and had the actual possession and control; and this equitable title would become a perfect title on his paying the notes, and could only be defeated by his failure to pay them.

One in possession under a contract of purchase, (part of the terms of which are, that he is to go into immediate possession and continue in possession,) is as much the owner, during the time allowed to him by the agreement, for payment and to continue in possession, as one who charters the vessel for a term of years or for a voyage; and more so, as he is the one who is to bear the loss if the vessel should be destroyed, and who would receive all the profits if she should be sold at an advance on the first cost. And he was in this case entitled to the earnings of the vessel, and the defendant entitled only to the interest on his advances, and not to the earnings, as such. He therefore is the owner, who is to pay for supplies, rather than the one who has barely the legal title, without any right to the present possession of the vessel. (7 *John.* 310. 15 *Id.* 298.)

The defendants' answer may be defective in not denying that he was owner; but as the plaintiffs were not surprised by the defense, and each party came prepared to discuss the question

on which the case now turns, the defendant should be allowed to amend his answer without costs.

The judgment entered upon the report of the referee should be affirmed, with costs.

[NEW-YORK GENERAL TERM, February 7, 1853. *Edwards, Mitchell* and *Roosevelt,* Justices.]